**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BRS INVESTMENT PROPERTIES, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BACARA CLUB LLC,**<br><br>**Defendant.** | **CIVIL ACTION NO. 3:15-cv-3631** |

**PLAINTIFF BRS INVESTMENT PROPERTIES, LLC'S ORIGINAL COMPLAINT**

Plaintiff BRS Investment Properties, LLC ("BRS") hereby files this Original Complaint against Defendant Bacara Club LLC ("Defendant") for federal trademark infringement, unfair competition, passing off, misappropriation, and cybersquatting under the Lanham Act; and for trademark infringement, unfair competition, and injury to business reputation, trade name and dilution under Texas common and statutory law. In support of the foregoing, BRS would respectfully show the Court as follows:

**NATURE OF THE ACTION**

1.      This action arose because of Defendant's unauthorized use of BRS' trademarks (*see* Exhibits A-E) in Defendant's business, on its website, in its related advertisements, and as part of its domain name—all of which was done in connection with the promotion of goods and services similar to, and in some cases, identical to, those offered by BRS or companies and entities affiliated with BRS. Specifically, BRS and its predecessors-in-interest have used "BACARA RESORT & SPA" since 1999, and "BACARA" since 2000. Defendant commenced using "BACARA" long after BRS' first use of the mark.  Defendant is using the word

"BACARA" in almost every aspect of its business. The mark used by Defendant for its products and services is deceptively and confusingly similar to BRS' long-standing trademarks.

2. Despite BRS' extensive use and substantial common law and federal rights in its trademarks, Defendant has attempted to use and even register identical terms in connection with similar services in violation of BRS' intellectual property rights. Because of the immediate and irreparable harm caused by Defendant's improper use of BRS' trademarks, BRS seeks injunctive relief and damages for Defendant's illegal and unauthorized acts.

## THE PARTIES

3. Plaintiff BRS is a Delaware limited liability company having its principal place of business at 2532 DuPont Drive, Irvine, California 92612.

4. Upon information and belief, Defendant Bacara Club LLC is a Texas limited liability company having its principal place of business at 14775 Midway Road, Addison, Texas 75001.

## JURISDICTION AND VENUE

5. This is a complaint for causes of action arising under the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, § 16.29 of the Texas Business and Commerce Code, and the common law of Texas. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

6. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendant is continuously and purposefully doing business in this District, and Defendant has promoted goods and services using marks confusingly similar to BRS' trademarks in this District. Defendant's activities include, *inter alia,* actively soliciting and

selling infringing goods and services in this District, Internet website advertising and promotion available in and directed to this District, other print and media advertising within this District, and other use infringing upon BRS' trademarks within this District.

## FACTUAL BACKGROUND

**A.     BRS' Trademarks**

7.     BRS is the sole owner of numerous common law trademarks, as well as United States Trademark registrations thereof (hereinafter the "BRS BACARA Marks"), including:

- a) *BACARA* (U.S. Reg. Nos. 4461644, 2589271, 2589269, and 2589268) – A copy of the registrations are attached hereto as **Exhibits A-D**.

- b) *BACARA RESORT AND SPA* (U.S. Reg. No. 2494002) – A copy of the registration is attached hereto as **Exhibit E**.

8.     The certificates of registration identified in Exhibits A-E are valid and subsisting, and record BRS' ownership of the marks.[1] The certificates of registration are *prima facie* evidence of the validity of the registrations, BRS' ownership of the marks, and BRS' exclusive right to use the marks in commerce in connection with the goods and services specified in the certificates of registration under the provisions of 15 U.S.C. § 1057(b), and provide constructive notice of BRS' claim of ownership under 15 U.S.C. § 1072.

9.     Except for BACARA Reg. No. 4461644, the BRS BACARA Marks are incontestable under 15 U.S.C. § 1065, which provides conclusive evidence of the validity of the registrations, BRS' ownership of the marks, and BRS' exclusive right to use the marks in commerce in connection with the goods and services specified in the certificates of registration under 15 U.S.C § 1115(b).

---

[1] The entire interest in the BRS BACARA Marks was assigned to BRS on February 22, 2013. A true and correct copy of the assignments is attached hereto as **Exhibit F**.

10. Over the past fifteen years or so, BRS and its predecessors-in-interest have been using the BRS BACARA Marks extensively and continuously in interstate commerce throughout the United States and have invested substantial sums in promoting and protecting the BRS BACARA Marks. The BRS BACARA Marks are used on a variety of goods and services, including full service resorts and convention facilities (*see* Reg. No. 2,494,002).

11. Throughout its history of use and extensive sales and promotion, BRS has used the BRS BACARA Marks to help the public, including its employees, vendors and customers, identify the goods and services of BRS and those affiliated with BRS that are authorized to use the BRS BACARA Marks. As a result, the BRS BACARA Marks have become distinctive, and BRS has acquired common law rights to the marks. BRS has also acquired significant goodwill and consumers have come to associate the BRS BACARA Marks specifically with BRS and its predecessors-in-interest. The BRS BACARA Marks are a strong brand of BRS, are widely recognized as identifying a variety of resort related goods and services originating from BRS, including restaurants and convention facilities, and are important trademarks that are crucial to BRS' business.

12. BRS and its predecessors launched—and have continuously used—the BRS BACARA Marks by crafting a complete brand identity package to help customers associate BRS' products and services with the BRS BACARA Marks. The BRS BACARA Marks have since been prominently displayed, marketed, and used in and on BRS' businesses, and its Internet advertising, product promotions, exterior signage, product packaging, and other advertisements. Examples of BRS' use of the BRS BACARA Marks can be found at the following domain: www.bacararesort.com. Specifically, the Bacara Resort & Spa advertises, markets, and offers goods and services that include hotel accommodations, spa services, and

dining, as well as facilities and services for corporate events, weddings, conventions, business meetings, and private parties.

13. BRS has expended, and continues to expend, a significant amount of time and money to advertise, offer for sale, and promote its products and services through its distinctive BRS BACARA Marks nationwide.

14. As a result, the BRS BACARA Marks have been widely recognized by the public as originating from BRS, and the BRS BACARA Marks serve to distinguish BRS' services and products from those of others.

15. As a result of the widespread use and display of the BRS BACARA Marks, (a) the public and the trade use them to identify and refer to BRS' products or services, (b) the public and the trade recognize that such designations refer to high quality products and/or services emanating from a single source, and (c) the BRS BACARA Marks have built up secondary meaning and/or extensive goodwill.

16. As a result of the continuous advertising, marketing and promotion of the BRS BACARA Marks, the BRS BACARA Marks have become, through public acceptance and recognition, famous and an asset of substantial value symbolizing BRS, its quality service, and its goodwill.

**B.    Defendant's Infringing Use of the BRS BACARA Marks**

17. On information and belief, Defendant owns and operates a facility in Texas that caters to a variety of group events, including weddings, rehearsal dinners, wedding showers, private parties, and business meetings. A description of the goods and services offered by Defendant, as well as its extensive use of the BRS BACARA Marks, is available from Defendant's website at www.bacara-dallas.com. Screenshots from Defendant's website

depicting Defendant's extensive and infringing use of the BRS BACARA Marks are also attached hereto as **Exhibit G**.

18.     BRS has never authorized, licensed or otherwise permitted Defendant to use the BRS BACARA Marks, or any confusingly similar variation thereof. Despite the lack of authorization from BRS or its predecessors, Defendant has knowingly and intentionally engaged in conduct that infringes upon and dilutes BRS' ownership rights in the BRS BACARA Marks, including by embarking on efforts to obtain rights to a confusingly similar mark.

19.     Specifically, on September 10, 2008, a representative acting on behalf of Defendant filed a trademark application seeking to register the mark "BACARA CLUB" with the United States Patent and Trademark Office ("USPTO"). A true and correct copy of Defendant's trademark application is attached hereto as **Exhibit H**.

20.     On December 14, 2008, the USPTO issued an office action refusing Defendant's trademark application, in part, because Defendant's mark would "be likely to cause confusion, to cause mistake, or to deceive" with respect to several of BRS' BACARA Marks. A true and correct copy of the UPSTO's office action is attached hereto as **Exhibit I**. In response to Defendant's request for reconsideration, the USPTO issued a final office action denying Defendant's application, noting, in pertinent part, as follows:

> The dominant feature of [Defendant's] mark is BACARA. This is identical to the dominant portion of the BACARA RESORT AND SPA marks. **The BACARA portion of both marks is identical**. (Emphasis added)
>
> ***
>
> [Defendant's] services are related to [BRS'] services. **Because of the similarity between [Defendant's] and [BRS'] marks and the relatedness of their services consumers are likely to be confused and mistakenly believe that [Defendant's] services and [BRS's] services come from the same source**. The refusal to register [Defendant's] mark in accordance with Section 2(d) of the Trademark Act is made FINAL. (Emphasis added).

4841-0780-9577.v6

21.     A true and correct copy of the USPTO's final office action is attached hereto as **Exhibit J**.

22.     Despite the USPTO's rejection of Defendant's attempt to infringe upon and dilute BRS' rights in the BRS BACARA Marks, Defendant has continued its extensive use and infringement of the BRS BACARA Marks. *See* **Exhibit G**. Such use demonstrates that the unauthorized and infringing use of the word "BACARA" has become an essential part of Defendant's marketing for its business. This use continues despite repeated demands from BRS that Defendant cease its infringing activities with respect to the BRS BACARA Marks. *See* **Exhibits K, L, M**, attached hereto.

23.     In addition to its advertising efforts, Defendant's domain name for its website, www.bacara-dallas.com, is also confusingly similar and dilutive of the BRS BACARA Marks.

24.     Defendant's extensive use of "BACARA" in its promotions, advertising and website constitutes the use in commerce of a colorable imitation and confusingly similar use of the BRS BACARA Marks.

C.     **Defendant's Unauthorized Use of the BRS BACARA Marks Results in a Likelihood of Confusion and Dilution**

25.     Defendant's unauthorized use of "BACARA" shares a confusingly similar sight and sound and a strong similarity in meaning with the BRS BACARA Marks. As such, Defendant's use of such confusing marks for its products and services is deceptive and results in a strong likelihood of confusion and mistake in the market.

26.     Defendant uses "BACARA" for similar types of products and services directed at the same types of markets and to the same class of customers as BRS does with its family of products and services. Accordingly, Defendant's use of the BRS BACARA Marks is likely to cause confusion, mistake, or deception in the minds of the public and the trade.

7

27. On information and belief, consumers have concluded, and/or are likely to conclude, that Defendant, through its use of the BRS BACARA Marks, offers products or services that are connected, associated or affiliated with BRS.

28. Defendant's activities have and are likely to continue to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the goods and services offered by BRS and the sponsorship and/or endorsement of those goods and services by BRS.

29. Defendant's activities have and are likely to continue to dilute the value of the BRS BACARA Marks by diminishing the public association of the marks with BRS and working an adverse effect upon the distinctiveness of the marks, thus creating a likelihood of injury to BRS' respected reputation.

30. As a result of Defendant's conduct, BRS has suffered—and continues to suffer—substantial damages and irreparable injury. BRS has no adequate remedy at law, and unless Defendant is restrained and enjoined by the Court, said acts will be continued and will continue to cause damage and irreparable injury to BRS, and to BRS' goodwill and business reputation.

31. On information and belief, Defendant's infringement constitutes a willful and malicious violation of BRS' trademark rights, aimed at preventing BRS from continuing to build a business around marks that it has long possessed.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

32. BRS incorporates herein each and every allegation of Paragraphs 1 to 31 of this Complaint as if fully set forth herein.

33. BRS' federal registrations of the BRS BACARA Marks are conclusive evidence of BRS' exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115.

34. Defendant's wrongful and unauthorized use of the BRS BACARA Marks and name comprise infringement of the BRS BACARA Marks and is likely to cause confusion, mistake and deception of the public as to the origin, identity or source of BRS' goods or services, causing irreparable harm to BRS for which there is no adequate remedy at law. Accordingly, Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

35. As a direct and proximate result of Defendant's actions, BRS has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury to BRS is ongoing and irreparable.

36. As a direct and proximate result of Defendant's actions, Defendant has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to BRS for which there is no adequate remedy at law, and for which BRS is entitled to injunctive relief under 15 U.S.C. § 1116(a).

37. As a direct and proximate consequence of the acts and practices of Defendant, BRS has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 15 U.S.C. § 1117.

38. On information and belief, BRS alleges that Defendant's conduct was committed with willful intent for the purpose of trading upon BRS' goodwill and business reputation, with

knowledge of the lack of right to do so, and said acts have caused BRS damage for which it is entitled to relief under 15 U.S.C. § 1117.

39. BRS seeks an accounting, and its actual and consequential damages resulting from Defendant's acts. Moreover, BRS seeks punitive, additional, and enhanced damages from Defendant. In addition, or in the alternative, BRS seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, PASSING OFF AND MISAPPROPRIATION UNDER 15 U.S.C. § 1125(a)

40. BRS incorporates herein each and every allegation of Paragraphs 1 to 39 of this Complaint as if fully set forth herein.

41. The BRS BACARA Marks, as used by BRS in connection with providing its goods and services, are distinctive marks and have become associated with BRS and thus exclusively identify BRS' business, products, and services. By virtue of the distinctive nature of the BRS BACARA Marks and their continuous use in commerce, the BRS BACARA Marks qualify for trademark protection.

42. Defendant's use of "BACARA" in its business comprises an infringement of the BRS BACARA Marks and is likely to cause confusion, mistake and deception of the public as to the identity of BRS' goods and services, causing irreparable harm to BRS for which there is no adequate remedy at law.

43. Because of Defendant's wrongful and unauthorized use of the BRS BACARA Marks and its appropriation of the BRS BACARA Marks for its marketing concept, consumers are led to believe that Defendant's goods and services originate with or are sponsored or otherwise approved by BRS, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the BRS BACARA Marks are

generic, thus destroying the goodwill and value that BRS has built with the BRS BACARA Marks.

44. Defendant's wrongful and unauthorized use of the BRS BACARA Marks and name comprise unfair competition by creating the impression among relevant consumers that the products or services sold by Defendant are licensed by, sponsored by, originated with and/or otherwise are affiliated with BRS, or that the source of the products or services sold by Defendant under the BRS BACARA Marks are affiliated, connected with or associated with BRS, when neither Defendant nor its products or services have any connection with or authorization from BRS.

45. Defendant has misappropriated BRS' valuable goodwill and public recognition of the BRS BACARA Marks, which have been developed over a long period of time by BRS and its predecessors, and Defendant has unlawfully benefited and been unjustly enriched by such activities.

46. The use by Defendant of the BRS BACARA Marks in connection with its products and services constitutes unfair competition under 15 U.S.C. § 1125(a). This use has injured the business reputation of BRS and will cause irreparable harm, damage, and injury to BRS unless Defendant is restrained and enjoined by this Court.

47. As a direct and proximate consequence of the acts and practices of Defendant, Defendant has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to BRS for which there is no adequate remedy at law, and for which BRS is entitled to injunctive relief under 15 U.S.C. § 1116(a).

48. As a direct and proximate consequence of the acts and practices of Defendant, BRS has been, is being and, unless such acts and practices are enjoined by the Court, will

4841-0780-9577.v6

continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 15 U.S.C. § 1117.

49. On information and belief, BRS alleges that Defendant's conduct was committed with willful intent for the purpose of trading upon BRS' goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused BRS damage for which it is entitled to relief under 15 U.S.C. § 1117.

50. BRS seeks an accounting, and its actual and consequential damages resulting from Defendant's acts. Moreover, BRS seeks punitive, additional, and enhanced damages from Defendant. In addition, or in the alternative, BRS seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117.

## COUNT III
## FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

51. BRS incorporates herein each and every allegation of Paragraphs 1 to 50 of this Complaint as if fully set forth herein.

52. Based on Defendant's use, publishing, advertising, marketing, and general popularity of the BRS BACARA Marks, they have acquired fame such that the public associates the marks with BRS and its commercial services.

53. The BRS BACARA Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

54. The BRS BACARA Marks were famous years before Defendant misappropriated them for use in commerce in connection with Defendant's commercial services.

55. BRS has not authorized or licensed Defendant's use of any of the BRS BACARA Marks or marks similar to the BRS BACARA Marks.

4841-0780-9577.v6

56. Upon information and belief, Defendant's adoption and commercial use of the BRS BACARA Marks was undertaken knowingly and willfully.

57. By reason of the foregoing, Defendant has engaged in and is continuing to engage in acts which dilute and are likely to dilute the distinctive quality of BRS' trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58. BRS has been damaged by Defendant's acts in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, BRS' famous trademarks, as well as its goodwill and reputation will continue to suffer immediate, substantial, and irreparable injury that cannot be adequately calculated and compensated in money damages.

59. BRS is entitled to monetary damages and injunctive relief prohibiting Defendant from using any of the BRS BACARA Marks, and any other trade name, trademark, service mark, user name, or domain name that is likely to be confused with Plaintiff's mark or otherwise unfairly competing with BRS. Without preliminary and permanent injunctive relief, BRS has no means by which to control the continuing injury to the reputation and goodwill associated with its marks. Money damages may not adequately compensate BRS if it suffers damage to its reputation and associated goodwill through Defendant's use of the BRS BACARA Marks.

## COUNT IV
## CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)

60. BRS incorporates herein the allegations of Paragraphs 1 to 59 as if fully set forth herein.

61. On information and belief, Defendant registered, traffics in, and/or uses the www.bacara-dallas.com domain name, which is identical to, confusingly similar to, dilutive of and/or protected by the BRS BACARA Marks.

62. Defendant's registration, trafficking and/or use of the www.bacara-dallas.com domain name has been made with a bad faith intent to profit from the BRS BACARA Marks.

63. Based on the acts of Defendant, BRS is entitled to either the forfeiture or cancellation of the www.bacara-dallas.com domain name, or transfer of the name to BRS.

## COUNT V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS COMMON LAW

64. BRS incorporates herein each and every allegation of Paragraphs 1 to 63 of the Complaint as if fully set forth herein.

65. The foregoing acts of Defendant constitute trademark infringement and unfair competition under the common law of the State of Texas. As a result of the infringement and unfair competition by Defendant, BRS has suffered and will continue to suffer injury and damage in an amount yet to be determined. The acts of infringement by Defendant have resulted in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined. Such acts of trademark infringement and unfair competition in violation of Texas common law have caused great harm to BRS, for which BRS is entitled to recover any and all remedies provided by Texas common law.

66. The continuing acts of Defendant are jeopardizing the goodwill of BRS and its valuable BRS BACARA Marks, and such acts have caused and will continue to cause irreparable injury to BRS and to the consuming public. The acts of Defendant complained of herein have caused irreparable injury to BRS and to the public, for which there is no adequate remedy at law.

67. Additionally, or in the alternative, BRS seeks an accounting, and its actual and consequential damages as a result of Defendant's infringing acts which have resulted in

4841-0780-9577.v6

confusion among the public. Moreover, BRS seeks punitive and enhanced damages for Defendant's willful misconduct.

## COUNT VI
## INJURY TO BUSINESS REPUTATION, TRADE NAME AND DILUTION UNDER TEXAS BUSINESS AND COMMERCE CODE § 16.29

68. BRS incorporates herein the allegations of Paragraphs 1 to 67 as if fully set forth herein.

69. The foregoing acts of Defendant, resulting in likelihood of dilution of the distinctive quality of the BRS BACARA Marks, have and will continue to destroy the goodwill and reputation established by BRS in connection with its marks and trade name, thereby causing it irreparable harm.

70. The foregoing acts of Defendant constitute injury to BRS' business reputation and likelihood of dilution of the distinctive quality of its marks and trade name in violation of § 16.29 of the Texas Business and Commerce Code.

71. On information and belief, Defendant has been unjustly enriched from its wrongful acts.

72. Defendant's acts have been willful and deliberate, justifying an award of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, BRS prays for judgment against Defendant as follows:

A. A judgment that Defendant has infringed the BRS BACARA Marks in violation of 15 U.S.C. § 1114;

B. A judgment that Defendant has infringed the BRS BACARA Marks in violation of 15 U.S.C. § 1125(a);

C. A judgment that Defendant has diluted the BRS BACARA Marks in violation of 15 U.S.C. § 1125(c);

D. A judgment that Defendant has unfairly competed with BRS and misappropriated BRS' valuable goodwill and public recognition of the BRS BACARA Marks in violation of 15 U.S.C. § 1125;

E. A judgment that Defendant has infringed the BRS BACARA Marks in violation of Texas common law;

F. A judgment that Defendant has unfairly competed with BRS in violation of Texas common law;

G. A judgment that Defendant has injured the business reputation of BRS and its trade name, and diluted the BRS BACARA Marks, in violation of the Texas Business and Commerce Code § 16.29;

H. A judgment that Defendant registered, trafficked in, or used a domain name with a bad faith intent to profit from the BRS BACARA Marks in violation of 15 U.S.C. § 1125(d);

I. That Defendant, its officers, directors, principals, agents, servants, employees, attorneys, officers, directors, principals, and all persons acting in concert or participation with them who receive actual notice of the Order be preliminary enjoined during the pendency of this action and thereafter permanently enjoined from directly or indirectly;

(1) from using the BRS BACARA Marks, or any other colorable imitation of the BRS BACARA Marks, in connection with the advertisement, promotion, offer for sale and sale of Defendant's products and services, and from any other acts that will injure or are likely to injure the business reputation of BRS;

(2) committing any acts calculated to cause the public to believe that any of Defendant's products or services are BRS' products or services, or are authorized by BRS, in whole or in part, unless they are entirely such;

(3) otherwise competing unfairly with BRS in any manner, including without limitation, using a false designation of origin or false representations

          which misrepresent the nature, characteristics or qualities, source or origin of Defendant's products or services or commercial activities;

(4)    infringing the BRS BACARA Marks;

(5)    continuing to register, traffic in, or use the www.bacara-dallas.com domain name and website; and

(6)    attempting, causing, or assisting any of the above-described acts.

J.    That Defendant be directed to file with this Court and serve on BRS within thirty (30) days after service of such injunction, a written report under oath pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction;

K.    That Defendant be required to remove existing signage and destroy all literature, advertising, marketing, and promotional materials used in connection therewith, goods and other materials bearing the infringing and unlawful marks or any other design now or hereafter in its possession, custody, or control that would violate the injunction entered herein;

L.    That Defendant be ordered to pay to BRS all damages sustained from violations of the BRS BACARA Marks under 15 U.S.C. §§ 1114 and 1125, and that BRS be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

M.    That such damages and profits be trebled and awarded to BRS pursuant to 15 U.S.C. § 1117 on the grounds that Defendant's conduct has been willful, deliberate and in bad faith;

N.    That Defendant be ordered to pay BRS damages for common law trademark infringement, unjust enrichment and unfair competition under Texas common law;

O.    That Defendant be ordered to pay BRS damages for injury to business reputation, trade name and trademark dilution under Texas Business and Commerce Code § 16.26;

P.    That Defendant be required to account to BRS for any and all profits derived by it, and all damages sustained by BRS by reason of Defendant's acts complained of herein;

4841-0780-9577.v6

Q. That BRS recover punitive damages in an amount to be determined at trial for common law trademark infringement, unjust enrichment and unfair competition;

R. That Defendant be ordered to pay BRS pre-judgment and post-judgment interest on any amount awarded;

S. That Defendant be found to deliberately and in bad faith infringe the BRS BACARA Marks and that Defendant be ordered to pay BRS its costs, disbursements and attorneys' fees, as allowed by law;

T. An award of attorneys' fees and costs as allowed by law; and

U. That BRS recover such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: November 10, 2015 | **PILLSBURY WINTHROP SHAW PITTMAN LLP** |
| | /s/ *Conor M. Civins* |
| | Conor M. Civins |
| | Texas Bar No. 24040693 |
| | Matthew K. Gates |
| | Texas Bar No. 24069770 |
| | 111 Congress Ave., Suite 400 |
| | Austin, Texas 78701 |
| | Tel: (512) 375-4911 |
| | Fax: (512) 375-4901 |
| | conor.civins@pillsburylaw.com |
| | matthew.gates@pillsburylaw.com |
| | |
| | Anthony M. Garza |
| | Texas Bar No. 24050644 |
| | **CHARHON CALLAHAN ROBSON & GARZA PLLC** |
| | 3333 Lee Parkway, Suite 460 |
| | Dallas, Texas 75219 |
| | Tel: (214) 521-6400 |
| | Fax: (214) 764-8392 |
| | agarza@ccrglaw.com |
| | |
| | *Counsel for Plaintiff* |
| | *BRS Investment Properties, LLC* |

4841-0780-9577.v6